UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FILED
2012 OCT 11  AM 11: 12
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

**DAVID VEGA**, an individual,

Plaintiff,

v.

**OLD TIME POTTERY, INC.**, a Tennessee corporation,

Defendant.

CIVIL ACTION

2:12-cv-561-FtM-99SPC

Case No. 2:12-cv-

Judge:

Mag. Judge:

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **DAVID VEGA** ("VEGA"), by and through his undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and Florida's Whistleblower Statute § 448.102 for (1) violation of the FLSA and (2) violation of Florida Statute § 448.102.

### PARTIES

2. The Plaintiff, **DAVID VEGA** ("VEGA") is an individual and a resident of Florida who currently resides in Cape Coral, Florida 33909.

3. Defendant, **OLD TIME POTTERY, INC.** ("OLD TIME") is a Tennessee corporation with a principal place of business located at 480 River Rock Blvd., Murfreesboro, Tennessee 37133-1838.

### JURISDICTION AND VENUE

1

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331. This Court has supplemental jurisdiction over **VEGA**'s state law claim pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **VEGA** was hired by **OLD TIME** in September 2006 as an assistant manager at its Fort Myers, Florida location.

7. His direct supervisor was store manager Randall Kovach.

8. In or about August 2011, **VEGA** began to notice that certain **OLD TIME** employees time cards were not in line with the actual hours those employees worked.

9. Concerned, **VEGA** verbally informed store manager, Randall Kovach, about an employee who was constantly coming in late and but that her time sheets were being doctored to show full time work by that employee.

10. **VEGA** also verbally informed **OLD TIME**'s district Manager, Michelle Chase, about his concerns regarding the doctoring of employees' time sheets.

11. In response, Ms. Chase requested that **VEGA** provide her with a written statement, which **VEGA** did.

12. **VEGA** was frustrated because he could not discipline the employee because her time was showing she was present when in fact he knew that she was not.

13. **OLD TIME**'s district manager, Michelle Chase, and Ms. Heather Stuffer, also asked **VEGA** to make copies of documents in order for her to begin conducting an investigation, which **VEGA** did.

14. While Mr. Kovach was on vacation, an investigation into the time card issue was ongoing, and corporate **OLD TIME** representatives came into the Fort Myers store to conduct the investigation.

15. The employee in question admitted that she would come in late but that the office clerk would adjust her time card to show employee was present.

16. **OLD TIME**'s head of HR came into the store August 29, 2011 and asked **VEGA** to open files.

17. At an in-person meeting on August 29, 2011, **VEGA** disclosed to **OLD TIME**'s human resources manager the issue with employee timecards being altered illegally.

18. On August 30, 2011, **OLD TIME**'s human resources was in the Fort Myers store interviewing the office clerk.

19. **OLD TIME**'s district manager asked **VEGA** to be present when she fired store manager, Randall Kovach.

20. Heather Stuffer was promoted to store manager, and Kovach was let go.

21. Shortly thereafter on September 12, 2011, without a legitimate business reason, **OLD TIME** terminated **VEGA**.

22. At all times, **VEGA** fully and satisfactorily fulfilled his duties with **OLD TIME**.

23. The only intervening event leading to **VEGA**'s termination was his disclosure of time card tampering and his cooperation in an internal investigation.

24. **VEGA** was wrongfully terminated in violation of 31 U.S.C. § 3730(h).

25. **VEGA** was wrongfully terminated in violation of Florida law.

26. As a direct and proximate result of the foregoing claims, Plaintiff **VEGA** has suffered and continues to suffer irreparable injuries relating to losses of income, property, and wealth; injury to professional standing; injury to character and reputation; and injury to physical and emotional health and general well-being.

27. As a direct and proximate result of the foregoing claims, Plaintiff **VEGA** has suffered damages as stated herein and to be proven at trial, and in an amount to be proven at trial, plus an appropriate amount for his emotional pain and suffering, and punitive damages to be determined.

28. As a direct and proximate result of the foregoing claims, **OLD TIME** has diminished and deprived, and continues to diminish and deprive, Plaintiff **VEGA** of the benefits and privileges of their contractual relationship, and of achieving a livelihood and professional advancement.

## COUNT I – VIOLATION OF VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")- RETALIATION

29. Plaintiff incorporates by reference Paragraphs 1-28 of this Complaint as though fully set forth below.

30. **OLD TIME** discharged **VEGA** in direct response to **VEGA** seeking enforcement and correction of certain **OLD TIME** employees time cards that were intentionally altered so as not to be in line with the actual hours those employees worked.

31. By **VEGA** seeking enforcement and correction of certain **OLD TIME** employees time cards that were intentionally altered so as not to be in line with the actual hours those employees worked, **VEGA** engaged in protected activity under 29 U.S.C. § 215(a).

32. **VEGA** was terminated from his employment with **OLD TIME** as a result of having engaged in protected activity under the FLSA, to wit: seeking enforcement and correction of certain **OLD TIME** employees time cards that were intentionally altered so as not to be in line with the actual hours those employees worked.

33. **VEGA** subsequently suffered an adverse employment action - his discharge - that was causally and directly related to him having complained and objected to **OLD TIME** about **OLD TIME**'s illegally tampering with employees' timecards.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

**DEMAND FOR JURY TRIAL IS HEREBY MADE.**

## COUNT II –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT

34. Plaintiff incorporates by reference Paragraphs 1-28 of this Complaint as though fully set forth below.

35. **VEGA** was terminated from his employment with **OLD TIME** as a result of having engaged in protected activity under the F.S. §448.102, to wit: seeking, in writing, enforcement and correction of certain **OLD TIME** employees time cards that were intentionally altered so as not to be in line with the actual hours those employees worked.

36. Prior to **VEGA**'s complaints of illegal activity by **OLD TIME**, **OLD TIME** had not raised any legitimate job performance issues with **VEGA**.

37. Prior to his written complaints regarding **OLD TIME**'s illegal actions, **VEGA** had notified **OLD TIME** that it had failed to follow the law.

38. **VEGA** was terminated as a direct result of and in retaliation for reporting and opposing **OLD TIME**'s violations of the law.

39. The retaliatory actions of **OLD TIME** constitute a violation of the Florida Private Whistleblower's Act.

40. As a direct result of the **OLD TIME**'s retaliatory actions, **VEGA** has sustained damages.

**WHEREFORE,** Plaintiff prays for entry of a judgment in his favor and against Defendant for:

    a. Back pay and benefits:
    b. Interest on back pay;
    c. Front pay and/or lost earning capacity:
    d. Compensatory damages:
    e. Costs and attorney's fees, and;
    f. For such other relief as the Court deems equitable.

### DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

Plaintiff **VEGA** respectfully demands a jury trial under Federal Rule of Civil Procedure 38 and prays for judgment against **OLD TIME**, as follows:

    a. Declaring that the acts and practices complained of herein are in violation of the Fair Labor Standards Act's whistle-blower protections contained in the laws of the United States and the state of Florida;

    b. Enjoining and permanently restraining the violations of the Fair Labor Standards Act's whistle-blower and anti-retaliation protections contained in the laws of the United States and the state of Florida;

    c. Directing **OLD TIME** to place Plaintiff **VEGA** in the same position that she would have held but for **OLD TIME**'s discriminatory and retaliatory treatment of him - and to make Plaintiff **VEGA** whole for all earnings and benefits he would have received but for **OLD TIME**'s discriminatory and retaliatory treatment, including but not limited to wages (including front and back pay) and benefits and any and all other relief afforded under the protections contained in the laws of the United States and the state of Florida;

    d. Directing **OLD TIME** to pay Plaintiff **VEGA** general compensatory damages in an amount to be proven at trial;

e. Directing **OLD TIME** to pay Plaintiff **VEGA** special compensatory damages, including but not limited to actual and anticipated wage loss in an amount to be proven at trial;

f. Directing **OLD TIME** to pay the cost of this action together with costs and all reasonable attorneys' fees which arose and were incurred as the results of **OLD TIME**'s violations;

g. Declaring **OLD TIME**'s acts against Plaintiff **VEGA** to be in violation of the FLSA as willful, wanton, and malicious, and directing **OLD TIME** to pay Plaintiff **VEGA** punitive damages in an amount to be proven at trial; and

h. Granting such other and further legal and equitable relief as this Court deems proper.

Respectfully submitted,

Dated: October 9, 2012

Benjamin H. Yormak
Florida Bar Number 71272
Attorney for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com