UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

DAVID VEGA,

    Plaintiff,

v.                                        Case No. 2:12-CV-561-UA-SPC

OLD TIME POTTERY, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Old Time Pottery, Inc.'s Motion to Dismiss Plaintiff's Complaint (Dkt. 9) and Plaintiff's Response to Defendant's Motion to Dismiss, or, in the Alternative, Plaintiff's Opposed Motion to Amend (Dkt. 14). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Plaintiff's request to amend his complaint should be granted and Defendant's motion to dismiss should be denied as moot.

## DISCUSSION

Plaintiff David Vega filed a two count complaint against Defendant Old Time Pottery, Inc. ("OTP") for violations of the Fair Labor Standards Act ("FLSA") and Florida's Private Whistleblower Act. Vega alleges that he was terminated in retaliation for his protected action of informing OTP and later providing a written statement to OTP about an employee who was doctoring her time sheets to reflect full-time work.

OTP moves to dismiss both counts because, assuming the truth of the allegations, Vega did not allege that he took an action adverse to OTP or that he stepped outside of his management role and, consequently, failed to allege protected conduct, a required element under the FLSA and Florida's Private Whistleblower Act.

In Vega's response to OTP's motion to dismiss, he states, in the alternative, that he should be permitted to amend his complaint. Vega attaches a proposed amended complaint for the Court's review. Upon consideration of the proposed amended complaint, the Court concludes that it addresses the deficiencies OTP raises in its motion to dismiss. Specifically, the proposed amended complaint alleges that Vega stepped outside of his management role to report *OTP's* unlawful actions of doctoring time sheets to avoid paying overtime compensation to certain employees. Vega alleges that *his* time sheet was also unlawfully doctored. And Vega alleges that he was terminated in retaliation for reporting OTP's illegal alteration of employee time cards.

Although Vega represents that OTP opposes Vega's amendment, Rule 15 of the Federal Rules of Civil Procedure makes it clear that Vega has the right to amend his complaint "once as a matter of course" under the procedural circumstances of this case. Thus, Vega does not need OTP's consent or the Court's permission to file his amended complaint.

It is therefore ORDERED AND ADJUDGED that:

1. The Clerk of Court is directed to docket Exhibit A to Dkt. 14 as Plaintiff's Amended Complaint.

      2.      Defendant Old Time Pottery, Inc.'s Motion to Dismiss Plaintiff's Complaint (Dkt. 9) is denied as moot.

      3.      Defendant shall file a response to Plaintiff's Amended Complaint within fourteen (14) days of this Order.[1]

**DONE** and **ORDERED** in Tampa, Florida on February 15, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\2-12-cv-561.mtdismiss9.wpd

---

[1] Although Defendant could file another motion to dismiss, the Court notes that Plaintiff's amended complaint adequately addresses the pleading deficiencies raised in Defendant's initial motion to dismiss, to wit, the Court concludes that the element of protected activity is sufficiently pled.